Caeuthers, J.,
delivered the opinion of the Court.
The County Court of Davidson, at the July Term, 1855, as stated in the case agreed, “proceeded to assess a tax on property and privileges to pay the interest on the bonds issued to certain railroad companies in payment for their stock, and, amongst other assessments, not necessary to be stated, they assessed a tax of fifty dollars on the privilege of carrying on wholesale groceries in the county.” It is further stated that the defendants, H. S. French & Son, were licensed wholesale grocers in the county of Davidson during the year 1855, and carrying on their business as such.
By the act of 1851-2, the County Courts are required *195 to levy a tax on property and privileges to meet the interest on any bonds to be issued for stock in said railroads.
Now, the only question before us is whether the occupation or trade of wholesale grocers or merchants is a “privilege.” If not, it seems to be admitted that there was no power in the County Court to levy a tax upon them for this purpose. We cannot suppose that it was intended by the Legislature to exclude them, but still they are excluded unless the power is communicated by the act. The Constitution, art. ii., § 28, designates the subjects of taxation. It embraces all property and polls, and prescribes the rules by which the tax shall be levied on property. It shall be according to value, and no one species to be taxed higher than another; and then provides, “that the Legislature shall have power to tax merchants, peddlers, and privileges, in such manner as they may from time to time direct.” This would seem to indicate that the occupations of merchants and peddlers were not embraced by the word privilege. But this conclusion does not necessarily follow, and the question must still depend upon the definition of the term. The first Legislature after the formation of the Constitution acted upon the idea that any occupation which was not open to every citizen, but could only be exercised by a license from some constituted authority, was a privilege. And it is presumed this is' a correct definition in this application of the term. Several instances of this will be found in the revenue act of 1835 — 6, and all subsequent acts on that subject. How else could a race-track, and some other subjects to be found in those acts, be taxed higher than any other property of the same value ? It is only *196 upon the idea that, by requiring licenses to be taken out, they became “privileges.”
According to the Constitution, privileges may certainly be taxed as such, and not as property; and, as we are authorized by repeated Legislative recognition to define the word as above stated, the only question is, whether the occupation of a “wholesale grocer” could be legally exercised without license. If not — as it certainly cannot — it is a “privilege,” and subject to be taxed as such, under the act of 1851-2.
We are thus necessarily brought to the conclusion that the tax demanded of the plaintiffs in error was legally levied, and they are bound to pay it.
So the judgment of the Circuit Court on the agreed case is affirmed.